# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TINGTING WANG ) <br> 5111 7th Ave. ) <br> Brooklyn, NY 11220 ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHINA WOK ) <br> 489 N Perry St ) <br> Ottawa, OH 45875 ) <br> ) <br>   AND ) <br> ) <br> JIAN ZHENG ) <br> 195 Eastland Dr. ) <br> Ottawa, OH 45875 ) <br> ) <br> Defendants. ) | CASE No: <br><br> JUDGE: <br><br> **PLAINTIFF'S COMPLAINT** <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Tingting Wang ("Plaintiff" or "Ms. Wang"), by and through the undersigned counsel, and for a complaint against Defendant China Wok and Jian Zheng, states the following:

## NATURE OF THE ACTION

1. This is an action for violation of multiple federal and state wage laws, including the minimum wage and overtime provisions of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. 201 *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01-99 ("OMFWSA"), and the minimum wage provisions of Section 34(a) of Article II of the Constitution of the State of Ohio.

2. Plaintiff worked for Defendants from October 2011 to May 2016 ("Relevant Period"). Plaintiff worked as a cashier, but she had to attend many other duties, such as

1

answering the customer phone calls, bookkeeping, and even cook the dishes for the customers. During all these years, Plaintiff did not receive any wage, minimum or overtime.

3. In violation of the above-mentioned federal and state wage laws, Defendants failed to pay Plaintiff minimum wage and overtime compensation.

4. Plaintiff alleges pursuant to FLSA, 29 U.S.C. §§216(b) and Chapter 4111 of Ohio Revised Code, that she is entitled to: (1) unpaid minimum wages from Defendants for hours she worked in which she was not paid the minimum wage; (2) unpaid wages from Defendants for overtime for which she did not receive overtime compensation; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

5. The following allegations are based upon personal knowledge of Plaintiff as well as on information and belief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because these claims are so closely related to Plaintiff's claims under the federal FLSA that they form part of the same case or controversy.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business in this District and Division and because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

## PARTIES

9. Plaintiff Tingting Wang is a United States resident. During the Relevant Period, She lived at Ottawa, Ohio when she worked for Defendants. Subsequently, she moved to 5111

7th Ave., Brooklyn, New York 11220.

10. Plaintiff was an employee of Defendants from October 2011 to May 2016.

11. Defendant China Wok is restaurant organized and existing under the laws of the State of Ohio. It is an employer within the meaning of 29 U.S.C. §203, O.R.C. Chapter 4111 and the common law of the State of Ohio, and is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203.

12. Defendant Jian Zheng is a resident of Putnam County, Ohio. On information and belief, he is the owner of Defendant China Wok, has substantial responsibility and control of the operation of China Wok, acted in the interest of such business with regard to Plaintiff, and is an employer within 29 U.S.C. §203 and O.R.C. Chapter 4111.

13. Further, upon information and belief, Defendant China Wok is not incorporated. It was merely an alter ego of Defendant Jian Zheng.

## GENERAL FACTUAL ALLEGATIONS

14. During the period from October 2011 through May 2016, Plaintiff was employed as a cashier by Defendants at China Wok in Ottawa, Putnam County, Ohio.

15. Plaintiff also performs other job responsibilities including bookkeeping, answering customer calls, cooking dishes, and cleaning the restaurant.

16. Defendant China Wok is a Chinese restaurant and is owned by Defendant Jian Zheng. In operating business, Defendants regularly hire employees to work at the restaurant. The employees perform cooking, food delivery, food purchasing, cashier, cleaning, and other duties associated with restaurant business.

17. Plaintiff worked long hours each year for Defendants, without enjoyment of any holiday.

18. In 2011, Plaintiff worked from the beginning of October to end of December, seven days a week, no holidays. The schedule was

    Monday to Thursday : 10:30 am – 9:30 pm

    Friday to Saturday : 10:30 am – 10:30 pm

    Sunday : 10:30 am – 9:30 pm

19. In 2012, Plaintiff worked every day, no holidays, except September 8 to October 8 due to giving a birth to her child.

20. In 2013 &2014, Plaintiff worked every day, no holidays, except December 29 2013 to January 29, 2014, due to giving a birth to her second child.

21. In 2015, Plaintiff worked every day, no holidays, until May 31, 2015

22. The Defendants changed schedules for the restaurant. Starting from June 2015, Plaintiff worked six days a week, no holidays. The schedule was

    Tuesday to Thursday : 10:30 am – 9:30 pm

    Friday to Saturday : 10:30 am – 10:30 pm

    Sunday : 10:30 am – 9:30 pm

    Monday : closed

23. In 2016, Plaintiff worked six days a week, no holidays, until the end of May 2016.

24. Defendants failed to pay Plaintiff any wage and overtime compensation but only provided basic meal and board for Plaintiff. From October 2011 to November 2014, Plaintiff share an apartment with three (3) other persons. The rent was $450 per month. From December 2014 to May 2015, Plaintiff shared an apartment with six (6) other persons. The rent was $750.

**COUNT I-MINIMUM WAGE VIOLATIONS**

25. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

26. During such employment, Defendants completely failed to pay Plaintiff required federal and state minimum wages for her hours worked.

27. Defendant's actions violated the minimum wage provisions of the FLSA, 29 U.S.C. §206; the minimum wage provisions of OMFWSA, Chapter 4111.02.

28. Defendants, each acted directly or indirectly in the interests of each other in relation to Plaintiff's employment and were joint employers of Plaintiff under both federal and state law.

29. Defendants' actions were deliberate, willful and not in good faith.

30. Defendants are jointly and severally liable to Plaintiff for her unpaid minimum wages in an amount which cannot be precisely calculated at this time but which is believed to be approximately $176,901.80. *See attached Exhibit 1- Wage calculation*.

31. In addition, Defendants are joints and severally liable to Plaintiff for liquidated damages under FLSA and OMFWSA.

## COUNT II-OVERTIME VIOLATIONS

32. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

33. During the period of Plaintiff's employment, Defendants hired Plaintiff for work weeks longer than forty (40) hours, but completely failed to compensate her at the rate of one and one-half time her regular hourly rate, contrary to the FSLA and O.R.C. Chapter 4111.

34. Defendants' actions were deliberate, willful and not in good faith.

35. The exact sum of overtime compensation not properly paid during the period in

question is difficult to accurately ascertain, but is believed to be approximately $176,901.80. *Exhibit 1*.

36. In addition to unpaid overtime, Defendants are liable to Plaintiff for liquidated damages for unpaid overtime during the period in question, under both FLSA and OMFWSA.

37. In addition, Defendants are liable to Plaintiff for costs of this action and reasonable attorney fees pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).

## COUNT THREE – FRAUD

38. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

39. Defendants intentionally misrepresented to Plaintiff that Defendants would pay Plaintiff regular minimum wage and overtime wage.

40. Defendant Jian Zheng further misrepresented to Plaintiff that he had love interest in Plaintiff, and that he would never do wrong to Plaintiff.

45. Defendants knew that the representation was false, and made with intent to induce Plaintiff's service to Defendants, as evidenced by nonpayment of any wage.

46. Plaintiff justifiably relied on defendants' representations and suffered injury as a result.

47. Defendants' knowing and intentional misrepresentation, upon which Plaintiff justifiably relied, constituted egregious fraud.

48. As a direct and proximate result of Defendants' fraud, Plaintiff had suffered monetary damage as alleged herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for judgment against all Defendants jointly

and severally as follows:

a) An award of Plaintiff's unpaid minimum wages and overtime compensation at least in the amount of $176,901.80, or such other amount as is determined to be due;

b) An award of liquidated damages on Plaintiff's unpaid minimum wages and overtime compensation, in the amount of $176,901.80, or such other amount as is determined to be due;

c) An award of compensation for Plaintiff's loss on employment benefits, loss on social security payments, loss on unemployment benefits, and all other losses and costs related to Defendants' violations;

d) An award of Plaintiff's reasonable attorney fees, costs, and expenses;

e) An award of punitive damages for Defendants' fraudulent conducts

f) An award for pre- and post-judgment interest at the statutory rate interest

g) Any such other relief to which Plaintiff may be entitled or which this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on any and all claims for which adjudication by jury may be appropriate.

Respectfully submitted,

/s/ Lei Jiang
Lei Jiang (0084847)
Lei Jiang LLC
26943 Westwood Rd.,
Westlake, OH   44145
(440)835-2271
(440)835-2817 Fax

ljiang@LeiJiangLaw.com
Attorney for Plaintiff