UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tingting Wang,                                              Case No. 3:17-cv-691

    Plaintiff

v.                                                          MEMORANDUM OPINION

China Wok, et al.,

    Defendants

## I. Background

In April 2017, Plaintiff brought suit against China Wok and Jian Zheng alleging violations of the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act. In addition to her claims of minimum wage violations and overtime violations, Plaintiff brought claims of intentional infliction of emotional distress and fraud. (Doc. No. 15). Defendants asserted counterclaims against Plaintiff Wang. (Doc. No. 22).

The Plaintiff now moves for leave to supplement the first amended complaint. (Doc. No. 48). She seeks to add claims of fraudulent conveyance and successor liability and add two defendants to the case, Guodong Yan and Xue Neng Weng. Also before me are the Defendants' response (Doc. No. 50), the Plaintiff's reply (Doc. No. 52), and Defendants' response to Plaintiff's reply (Doc. No. 55).

## II. Motion to Supplement Pleadings

Under Fed. R. Civ. P. 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date

of the pleading to be supplemented." As observed in the Advisory Committee Note, "Rule 15(d) is intended to give the court broad discretion in allowing supplemental pleading." The standard used in consideration of a Rule 15(a) motion is the same one utilized under a Rule 15(d) request. *See Northeast Ohio Coalition for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016). *See also* 3 MOORE'S FEDERAL PRACTICE § 15.30 (3d ed. 2017).

Those factors may include undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice, futility of the amendment, or the repeated failure to cure deficiencies by amendments previously allowed. *See Foman v. Davis,* 371 U.S. 178 (1962). Additional factors may also include the need for additional discovery, strain on the court's docket, or the lack of prejudice as the issue is already known. *See Budd Co. v Travelers Indem. Co.,* 820 F.2d 787, 792 (6th Cir. 1987).

In this case, the Plaintiff's claim arises out of her work for China Wok from September 2010 to May 2016 and the Defendants' alleged failure to pay her any wages. In January 2018, during Defendant Zheng's deposition, he testified he sold China Wok to Guodong Yan, a cook at the restaurant, at the end of December 2017 for $5,000.00. (Doc. No. 48, p. 1). Following the deposition, defense counsel emailed a copy of the sale document which reflects sale of the business was to Xue Neng Weng, Yan's wife. (*Id.*) The tax returns for the calendar years 2013 through 2016 indicate China Wok's gross receipts ranged from nearly $138,000 to $179,000; however, at her deposition the Plaintiff testified the gross receipts were underreported. (*Id.* at p. 2). It is these facts which the Plaintiff contends support the claim for fraudulent conveyance against Zheng, Yan, and Weng.

The Defendants object to what they characterize as "extend[ing] supplemental jurisdiction of state claims, that are not ripe, to non-essential third parties, for a separate transaction, that does not relate to any of their claims, for which they will have a remedy at law in the future, if necessary, in

state court" and creating a "tactical Gordian Knot." (Doc. No. 50). They further argue the Plaintiff's "dilatory tactic is being advanced by now alleging 'fraud'". (*Id.*) I disagree.

The Supreme Court of Ohio has held that "[a]n individual possessing a cause of action in tort is a 'creditor' within the meaning of R.C. 1336.01(C) and has the right to question an alleged fraudulent conveyance." *Stein v. Brown*, 18 Ohio St.3d 305, 308 (1985). *Accord, Pheasant v. Zaremba*, 398 B.R. 583, 589 (N.D. Ohio 2008) (Zouhary, J.) In a somewhat analogous case, the plaintiff brought an action for severance pay based upon an employment agreement and alleged a fraudulent conveyance by one of the defendants. That defendant moved to dismiss the fraudulent conveyance claim arguing that under R.C. 1336.04, the plaintiff did not become a creditor until after the assets were transferred. In rejecting that argument, the appellate court invoked the *Stein* decision stating, "Because we have concluded that [plaintiff] possesses a claim for relief based on his alleged employment contract with [the defendant], he could, therefore, properly question the alleged transfer of assets . . . under the theory of fraudulent conveyance." *Holzman v. Fifth Third Bank, N.A.*, Case no. C-980546, 1999 WL 252715 (Ohio App. 1st Dist. 1999).

In this case, the Plaintiff alleged a tort in her amended complaint which renders her proposed fraudulent conveyance claim sufficient to withstand a futility argument. Additionally, upon learning of the sale of the business in January 2018, the Plaintiff filed her motion for leave to supplement on February 6, 2018. This swift action did not prejudice the Defendants. Finally, while the Defendants attempt to argue the merits of their case, at this stage, the Court only need to assess whether the claims are futile. They are not. The reasons for the sale are items to be fleshed out in the discovery process and may be challenged via a dispositive motion at a later date.

## III. Conclusion

Having considered the submissions by the parties and in exercising my discretion, I grant the Plaintiff's motion for leave to supplement her first amended complaint under Rule 15(d) (Doc. No. 48). Plaintiff is to file a complete supplemented amended complaint within fourteen (14) days from the date of this Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
